Guillermo Fonseca-Bermudez
Reg. 18158-069  *  P.O. Box 1000  *  Cumberland, MD  21501

April 15, 2005

RECEIVED AND FILED
2005 MAY -3 AM 7: 12
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

Honorable Judge Daniel R. Dominguez
United States District Court
District of Puerto Rico
Clemente Ruiz Nazario U.S. Courthouse
150 Carlos Chardon Avenue, Room CH-129
San Juan, PR  00918-1761

          Re:  **United States v. Guillermo Fonseca-Bermudez**
               **USDC Dkt. No. 99-CR-254-05 (DRD)**

Honorable Judge Dominguez:     *Guillermo Fonesca*

     On October 2, 2000, I was sentenced by this Court to 156 months
imprisonment.  At the same time, the Court ordered that the "[T]he
term of imprisonment imposed is to be served concurrently with any
other sentence he is currently serving." See Attachment.  Therefore,
my concern consist that when I arrived at this Institution and was
classified I noted that the BOP has honored the Court's order only
from the date that the sentence was imposed.  That is from October 2,
2000.  See Attachment B.

     As will appear, 14 months served on the state sentence—even
though related to the federal charges—were not credited towards my
federal sentence.  The BOP interpreted the court's statement granting
me  "concurrently with any other sentence he is currently serving,"
from the date I was sentenced on the federal charges instead from
the beggining of my state sentence as merely nonbinding recommendation
which the BOP was at liberty to—and did in fact—ignore.  The BOP,
therefore, computed my 156-month federal sentence without any reduction
for the time served in my state sentence.

     In here, while credit for time on a pre-existing state sentence
is within exclusive power of the sentencing court, I would request
that the Court clarify its intentions and ordered the BOP to grant me
credit for the time that I already served on the state sentence that
was related to the instant offense that I have been sering.  As stated
above, the court's written sentence indicate that my total sentence
was to be adjusted so as to account for time served on my state
conviction.  In other words, my final sentence was intended to be and
hence was 156 months minus 14 months served on my state conviction,
totaling 142 months.  Thus, I asks that Court to clarify the J & C

Honorable Judge Dominguez
April 15, 2005
Page 2
_____/

and direct the BOP to credit me with the 14 months I spent in state
conviction prior to the imposition of sentence on my federal conviction
which is related with the state.

    Thank you for your kind attention to this important matter.

              Sincerely,

              Guillermo Fonseca-Bermudez

gfb

Enclosures